BOWMAN S. COX

*v.*

ALBERT BROWN and EDGAR L. WIKE, administrator, et al.

[Submitted May 31st, 1917. Determined June 15th, 1917.]

1. Where real estate was bought with partnership funds, and was allowed to stand in the name of one partner for a long time, this is not in equity necessarily a bar to a decree that the real estate was partnership property.

2. Under the circumstances in this case the laches is excusable, and such decree will be made as is most conformable to right and justice.

---

On final hearing on bill for partition.

*Mr. Austin H. Swackhamer,* for the complainant.

*Mr. David O. Watkins,* for the defendants Anna R. Cox and others.

LEAMING, V. C.

The only controversy in this suit is whether a certain tract of land which is described in the bill as tract No. 1, is the property of the heirs-at-law of Isaac G. Cox, deceased, or is the property of a certain co-partnership which was composed of the said Isaac G. Cox and his brother Bowman S. Cox at the date of the decease of Isaac.

The record title to the property stands in the name of Isaac G. Cox, but the proofs in the case have established with a certainty amounting practically to a complete demonstration that the property was purchased at the instance of the two partners for the partnership with assets of the partnership, and that for convenience the title was taken in the name of Isaac for the benefit of the partnership, and that since the purchase until the death of Isaac the property has at all times been treated by the two partners as partnership property. The evidence so clearly establishes these facts that any discussion of the details of the evidence seems unnecessary.

The only hesitancy in advising a decree to the effect above stated, arises from a claim upon the part of defendants that complainant—the surviving partner—has allowed the legal title to stand in the name of his brother for so long a time that a court of equity should not, as against the heirs of Isaac, at this late date decree that the property is a partnership asset.

An examination of the authorities will disclose that the effect of delay in the assertion of rights in a court of equity is not only peculiarly interwoven with and dependent upon the special circumstances surrounding the individual case, but is also measurably dependent upon the nature of the primary right asserted and also upon the nature of the relief sought.

In administering the remedy of specific performance and cancellation of instruments the period of delay which will be fatal to the relief sought does not depend upon the statute of limita-

tions, but will be considered and determined with reference mainly to the circumstances and effect of the delay in the particular case, and the suit may be dismissed for delay less than the period fixed by the statute limiting the pursuit of legal remedies. *Lutjen* v. *Lutjen, 64 N. J. Eq. 773,* was a suit of the latter nature, and the rule there defined recognizes that a period of delay less than the statutory period may be fatal when it is operative to render the court unable to feel confident of its ability to ascertain the truth as well as it could have done when the subject for investigation was recent and before the memories of those who had knowledge of the material facts had become faded and weakened by time.

On the other hand, where the substantive right asserted is the enforcement by a *cestui que trust* of an express and subsisting trust, neither lapse of time nor the statute of limitations will ordinarily be allowed to defeat the relief sought. *Stimis* v. *Stimis, 54 N. J. Eq. 17.* But even that rule is subject to exceptions arising from conduct of the parties in relation to the trust property. See *Starkey* v. *Fox, 52 N. J. Eq. 758* (at *p. 768).*

Again, where the suit is to establish and enforce a resulting trust the statute of limitations may afford a bar to relief. *Mc-Clane's Administratrix* v. *Sheperd's Executrix, 21 N. J. Eq. 76* (at *p. 79*). The present suit is of that nature, for the equitable title of the partnership to the property in question results from the purchase of the property by a partner with partnership assets. But in this suit the statute of limitations has not been pleaded, and to render that statute available as a bar it should be pleaded. *3 Dan. Ch. Pl. & Pr. 2116 note 1; 1 Ibid. 781.*

But relief may be denied in equity in all cases of the nature above referred to when the claim asserted is a stale claim, and that defence need not be pleaded. In *Sullivan* v. *Portland and Kennebec Railroad Co., 94 U. S. 806,* the rule touching the enforcement of stale claims in a court of equity is stated as follows:

"To let in the defence that the claim is stale, and that the bill cannot, therefore, be supported, it is not necessary that a foundation shall be laid by any averment in the answer of the

defendants. If the case, as it appears at the hearing, is liable to the objection by reason of the laches of the complainants, the court will, upon that ground, be passive, and refuse relief. Every case is governed chiefly by its own circumstances; sometimes the analogy of the statute of limitations is applied; sometimes a longer period than that prescribed by the statute is required; in some cases a shorter time is sufficient; and sometimes the rule is applied where there is no statutable bar. It is competent for the court to apply the inherent principles of its own system of jurisprudence and to decide accordingly"

The most recent general statement of the rule touching laches is to be found in *Soper* v. *Cisco, 85 N. J. Eq. 165, 174,* as follows:

"The general rule is well settled that he who, without adequate excuse, delays asserting his rights until the proofs respecting the transaction, out of which he claims his rights arose, are so indeterminate and obscure that it is impossible for the court to see whether what is asserted to be justice to him is not injustice to his adversary, has no right to relief. *McCartin* v. *Traphagen, 43 N. J. Eq. 324; affirmed, 45 N. J. Eq. 265.*"

The authorities above cited sufficiently disclose the great extent to which the circumstances surrounding the individual case necessarily enter into and control the force of the defence of laches in a court of equity.

In the present case, the partnership was formed by the two brothers when complainant, the younger brother, was yet a minor; the legal title to the property in question was obviously taken in the name of the older brother for that reason. The legal title was allowed to so remain for over forty years, when the older brother died. But during all that time the partnership and the most intimate and confidential, social and business relations of the two brothers continued unchanged. The residence on the property in question was occupied by the older brother, but the remainder of the property, including the foundry where the firm business was conducted, was occupied by the firm. Another residence property, admittedly belonging to the partnership, was occupied by the younger brother, and no rent was paid by either brother for the dwellings occupied

by them, and no rent was taken into account for the occupancy of the foundry, and the evidence clearly discloses that at all times during the life of the partnership the entire property now in question was treated by both partners as firm property. While much of this evidence relates to a period of such an early date as to invite the most careful scrutiny as to its accuracy, most of it is of a nature to practically demonstrate its truth. At the conclusion of the testimony no substantial doubt could be said to exist that the property was originally purchased for the partnership with partnership funds and had always been regarded by both partners as partnership property. The failure to have the legal title transferred to the partnership was obviously merely a matter of neglect arising primarily from the mutual confidence of the partners and their absorbing engrossment in their life work of making money in their joint enterprise.

No rights of creditors are involved; the single question is whether the property belonged to the elder brother at the time of his death or to the firm. There has been no unreasonable delay on the part of complainant since the death of his brother in asserting the title of the firm. It will be thus observed that the title now asserted by complainant is not a title in himself in his own right, but a title in behalf of the partnership. That circumstance is not without force in considering the effect to be given to the claim of laches, for if the property was firm property it was at all times during the life of the partnership equally the duty of both partners to have the legal title transferred to the partnership. A similar duty of a trustee may be said to exist in all cases of resulting trusts; but where a partnership is the equitable owner rights of creditors are involved and both partners owe to firm creditors the duty to manifest the legal title in the partnership. The laches which is now urged against the surviving partner is accordingly laches of the partnership in which both partners have been equally negligent. In that view I think the consequences of neglect in the performance of that duty cannot be equitably visited upon complainant to the same extent as might be done for the failure to seasonably assert an equitable title in himself.

As the evidence is convincing that the property was originally purchased with the firm money, and the legal title taken in the name of the older brother for the firm, and that there has at no time been any claim upon the part of the older brother to the contrary, or any adverse holding on his part, and that both brothers have at all times during the life of the partnership treated the property as firm property, I am convinced that a decree to that effect cannot be properly denied by reason of the long period of time during which the legal title has been allowed to stand in the name of the older brother. I will, accordingly, advise a decree to the effect stated.