This is a motion to strike out a bill of foreclosure. It appears that two mortgages were given on the property, one dated January 1st, 1874, for $1,300, the other dated June 17th, 1875, for $1,000. The mortgages were made by Henry V. Doremus, and the first by mesne assignments came in 1878 into the hands of Warren Doremus. The second was made directly to Warren Doremus. Henry V. Doremus died in 1913, leaving five children, defendants in this suit. Warren Doremus died in 1913 and the mortgages were assigned in 1914 to the complainants.
The question therefore arises, are there any circumstances which would take the matter out of the rule laid down in Blue
v. Everett; affirmed, 56 N.J. Eq. 455. This case holds that there is a twenty-year limitation on the foreclosure of mortgages, provided no payment has been made on account of principal or interest.
Complainants plead a paper-writing as follows:
"MONTCLAIR, July 3, 1912.
"This is to certify that the wood and hay cut from the Lord North lot in the Big Piece by Warren Doremus for interest on mortgages and note held by him and for taxes on said lot was with my knowledge and consent, and that I am satisfied.
"HENRY V. DOREMUS."
This, they allege, is evidence that the parties agreed that the wood and hay should be accredited to interest. There is nothing to show that Warren Doremus ever consented to such an arrangement. The bonds accompanying the mortgages call for payment of interest at the rate of seven per cent. semi-annually, which, of course, means cash. There is no endorsement of receipt of interest or principal on the bonds or mortgages. This writing was made thirty-seven years after the execution of the mortgages. How can it be definitely determined that Warren Doremus was satisfied at *Page 436 
this so-called acknowledgment? Why did he wait thirty-seven years and then accept a paper of this kind?
In the case of Cox v. Brown, 87 N.J. Eq. 462 (at p. 465), Vice-Chancellor Leaming says: "The general rule is well settled in this state that he, who without adequate excuse delays asserting his rights until the proofs respecting the transaction are so indeterminate and obscure that it is impossible for the court to see whether what is asserted to be justice to him is not injustice to his adversary has no right to relief."
Vice-Chancellor Reed, in dealing with a similar situation in the case of Magee v. Bradley, 54 N.J. Eq. 326 (at p. 330), said: "What occurred between them during this thirty years in relation to it [a mortgage], what arrangements were made in regard to its payment, what understanding was entered into in respect to its enforcement, surrender or payment, can now never be known, as the mouths of both * * * are closed by death."
In the case of Swinley v. Force, 78 N.J. Eq. 52,
Vice-Chancellor Stevenson says, inter alia: "A presumption of payment of a bond and mortgage on which no payments have been made for twenty years cannot be rebutted simply by proof, in fact, of non-payment unless the delay for twenty years is satisfactorily accounted for or explained."
Considering, again, the facts in this case, we find that for thirty-seven years nothing was done as to these mortgages. Then Henry V. Doremus signed the paper quoted above and delivered it to Warren Doremus. Warren did nothing with it, made no credit on the bonds and mortgages and died leaving it, presumably, among his papers. It was not assigned to complainants as part of the bonds and mortgages.
The meaning of the paper is vague. To what bonds and mortgages does it refer? Henry V. might have made other mortgages. It also refers to a note. There is nothing in the case to show that any note was given in connection with this transaction.
The mortgages were assigned in 1914; twelve years afterwards the bill was filed. *Page 437 
The lapse of time in the first instance between the execution of the mortgages and the signing of the paper, the vagueness of the paper itself, and the fact that Warren Doremus himself never made any effort to enforce the mortgages, are the reasons which lead me to the conclusion that the mortgages are now unenforceable under the doctrine laid down in Blue v. Everett,supra.
I will advise a decree accordingly.